# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST F § § § § § § Plaintiff, § § v. § § MATTHEW PINA AND HAYDEE LAZCANO, § § § Defendants. § | Civil Action No. 3:23-cv-82 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust F ("Wilmington" or "Plaintiff"), complains of Matthew Pina and Haydee Lazcano, Defendants, files this *Original Complaint*, and states as follows:

### I.   PARTIES

1. Plaintiff is appearing through the undersigned counsel.

2. Defendant Matthew Pina is an obligor and mortgagor under the subject loan agreement and may be served with process at 7227 N. Mesa Street, Apt. 908, El Paso, Texas 79912 or such other place where he may be found.  Summons is requested.

3. Defendant Haydee Lazcano is a co-mortgagor under the subject loan agreement and may be served with process at 7227 N. Mesa Street, Apt. 908, El Paso, Texas 79112 or such other place where she may be found. Summons is requested.

## II.   PROPERTY

4. This proceeding concerns the following real property and improvements commonly known as 609 Bristol Drive, El Paso, TX 79912, more particularly described as:

Legal Description: Being the Description of .1342 Acres of Land, out of

PORTION OF LOT 20, BLOCK 6 WEST FILLS UNIT TWO
City of El Paso, El Paso County Texas
and Being More Fully Described by Metes and Bounds as Follows:

Beginning at the: CITY MONUMENT AT THE INTERSECTION OF LAKEHURST ROAD AND BRISTOL DRIVE

THENCE, North 0 3' 5" West a Distance of 50.00 Ft. to a Point;

THENCE, 103.94 Ft. Along the Arc of a Curve to the Right,

Which has a Central Angle of 3 19' 43" a Radius of 1.789.19 Ft.

And a Chord Which Bears North 1 36'47" East a Distance of 103.93 Ft. To a Point;

THENCE, North 86 43'22" West a Distance of 30.00 Ft.
to the True Point of Beginning of the parcel herein described;

THENCE. North 86 43'22" West a Distance of 100.00 Ft. to a Point,

THENCE, North 2 22 26" East a Distance of 59.58 Ft. to a Point,

THENCE, South 84 54'57" East a Distance of 101.91 Ft. to a Point;

THENCE, 56.36 Ft. Along the Arc of a Curve to the Left.

which has a Central Angle of 1 46'31"
a Radius of 1,819.19 ft.
and a Chord which Bears South 4 9'54" West a Distance of 56.36 Ft.

(The "Property").

### III.     DIVERSITY JURISDICTION AND VENUE

5. This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

6. Plaintiff is the trustee for a mortgage securitized trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 F. Supp. 2d 261, 263 (S.D.N.Y. 2008). Wilmington is a national banking association organized under the laws of the United States. A national banking association organized under the laws of the United States is considered a citizen of the state in which it is "located." *See* 28 U.S.C. § 1348. A national bank is located only in the state of its main office as established in the bank's article of association. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006). According to its articles of association, Wilmington's main office is located in Wilmington, Delaware and, thus, Wilmington is a citizen of Delaware.

7. Defendants are individuals and citizens of the state of Texas.

8. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the lien interest is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met.

9. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be

prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas*, 737 F.3d at 341.

10. Here, the value of the right to be protected is enforcement of a mortgage lien through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. As of February 8, 2023, the total amount due was $312,561.71. Therefore, the amount in controversy is more than $75,000.00.

11. Venue is proper in the Western District of Texas, El Paso Division, because this suit concerns title to real property located in El Paso County, Texas. *See* 28 U.S.C. §§ 124, 1391(b)(2).

## IV.   FACTS

12. The foregoing paragraphs are incorporated by reference for all purposes.

12. On or about March 17, 2008, for value received, Defendants Matthew Pina and Haydee Lazcano ("Borrowers") executed that certain Note (the "Note") originally payable to Tri-State Mortgage Company, in the principal amount of $142,759.00 bearing an interest rate of 6.500% per annum. A true and correct copy of the Note is attached hereto as **Exhibit A**.

13. Concurrently with the Note, Borrowers executed that certain Deed of Trust (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting Tri-State Mortgage Company, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the Official Public Records of El Paso County, Texas under Document Number 20080021995. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

14. Tri-State Mortgage Company then assigned and transferred the Loan Agreement to Chase Manhattan Mortgage Corporation. The Assignment and Transfer of Lien was recorded in the Official Public Records of El Paso County, Texas under Document Number 20080024252. A true and correct copy of the Assignment and Transfer of Lien is attached hereto as **Exhibit C.**

15. JP Morgan Chase Bank, National Association, S/B/M Chase Home Finance, LLC, S/B/M to Chase Manhattan Mortgage Corporation then assigned and transferred the Loan Agreement to Wilmington. The Texas Assignment of Deed of Trust was recorded in the Official Public Records of El Paso County, Texas under Document Number 20200044096. A true and correct copy of the Texas Assignment of Deed of Trust is attached hereto as **Exhibit D**.

16. Under the terms of the Note and Security Instrument, Borrowers were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

17. The Note and Security Instrument further provide that should Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the agreement.

18. The Borrowers failed to make the payments on the Note and have failed to comply with any and all of the covenants and conditions under the terms of the Security Instrument. Notice of Intent to Foreclose was served on Borrowers in accordance with the Loan Agreement and the Texas Property Code on April 22, 2020. In the Notice of Intent to Foreclose, Borrowers were advised that the Loan Agreement was in default for the December 1, 2008 payment and all subsequent payments. The amount required at that time to cure the default was

$149,416.40. Borrowers were provided with thirty (30) days to cure the delinquency and were advised that if default was not cured timely it would result in the acceleration of the sums secured the Security Instrument. A true and correct copy of the Notice of Intent to Foreclose is attached hereto as **Exhibit E**.

19. The default was not cured, and the maturity of the debt was accelerated. Notice of Acceleration of Loan Maturity was served on Borrowers in accordance with the Loan Agreement and the Texas Property Code on February 9, 2023. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit F**.

20. Wilmington is the current legal owner and holder of the blank endorsed Note. Wilmington is also the beneficiary of the Security Instrument and a mortgagee as that term is defined in Section 51.002 of the Texas Property Code.

21. In accordance with Texas Rule of Civil Procedure 54, all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property. Plaintiff brings this suit to obtain an order for foreclosure.

## V.   CAUSE OF ACTION: NON-JUDICIAL FORECLOSURE

22. The foregoing paragraphs are incorporated by reference for all purposes.

23. As the current mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff asserts a cause of action for non-judicial foreclosure against defendants. The Loan Agreement is a contract, and Plaintiff fully performed its obligations under it. Borrowers, however, did not comply with the Loan Agreement by failing to substantially perform material obligations required under its terms. Therefore, Plaintiff seeks a judgment allowing it to foreclose on the Property in accordance with the Security Instrument and Texas Property Code § 51.002.

## VI. CONDITIONS PRECEDENT

24. The foregoing paragraphs are incorporated by reference for all purposes.

25. All conditions precedent for foreclosure have been performed or have occurred, and any other action required under applicable law and the loan agreement, contract, or lien sought to be foreclosed has been performed.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be summoned to appear and answer, and that the Court enter judgment granting: a declaration that Plaintiff's lien against the Property shall be enforced by non-judicial foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure. Plaintiff further requests attorneys' fees and costs of suit as a further obligation on the Note, and all other relief, in law and in equity, to which it is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**VIVIAN N. LOPEZ**
Texas Bar No. 24129029
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**