IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST F | § § § § § | |
| Plaintiff, | § § | Civil Action No. 3:23-cv-00082-KC |
| v. | § § | |
| MATTHEW PINA AND HAYDEE LAZCANO, | § § § § | |
| Defendants. | § | |

### MOTION FOR PARTIAL DEFAULT JUDGMENT AGAINST DEFENDANT HAYDEE LAZCANO AND BRIEF IN SUPPORT THEREOF

Plaintiff Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust F ("Plaintiff"), files this, its *Motion for Partial Default Judgment Against Defendant Haydee Lazcano and Brief in Support thereof*, and respectfully shows as follows:

### I. BACKGROUND

1. On February 23, 2023, Plaintiff filed its *Original Complaint* ("Complaint") against Defendant Haydee Lazcano (the "Defendant"). (ECF Docket No. 1.)

2. Per the Court's Order entered at ECF No. 20, on February 20, 2024, Plaintiff's process served mailed a copy of the Summons, the Complaint and the Court's Order dated February 6, 2024, to Haydee Lazcano via certified mail, return receipt requested to P.O. Box SC 37, Box 457, APO, AE 09459-0046. The return receipt Green Card was signed by her husband, Matthew Pina, on February 27, 2024. (ECF No. 23.)

3. Also, per the Court's Order entered at ECF No. 20, On February 20, 2024, Plaintiff's process server sent a direct message through Facebook to Haydee Lazcano at https://www.facebook.com/haydee.lazcanopina with a Dropbox link and a DocSend link to view the Summons, Complaint and Court's Order dated February 6, 2024. (ECF No. 23.)

4. Defendant has not answered or otherwise appeared in this action. The court clerk may enter default against a party who has not filed a responsive pleading or otherwise defended a suit. FED. R. CIV. P. 55(A); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

5. On April 3, 2024, the Clerk of the Court entered default against Defendant. (ECF No. 27.)

6. Defendant is not in active-duty military status. *See* Exhibit A-1.

7. Plaintiff now asks the Court to render default judgment against the Defendant.

## II.　LEGAL STANDARD

8. Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The entry of a default judgment is a three-step process: (1) default; (2) the entry of default; and (3) the entry of a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *Jefferson v. La. Dep't of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010). The entry of a default judgment is not an abuse of discretion when a party fails to answer a complaint. *See Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir.), *cert. denied*, 414 U.S. 1073 (1973).

## III.　ARGUMENT AND AUTHORITIES

9. The Court should render a default judgment against Defendant because she did not file a responsive pleading or otherwise defend the claims against her. Such default constitutes an admission by Defendant on all allegations in the Original Complaint. The facts asserted in the

Original Complaint are well-pleaded, and there are no unresolved issues of material fact. By failing to answer the Original Complaint, Defendant has admitted the well-pleaded factual allegations therein and are "barred from contesting on appeal the facts thus established. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, Plaintiff is entitled to a default judgment on liability and damages.

10. With regard to the issues of damages, ordinarily, a court should not award damages without first conducting a hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). However, when the amount of damages can be determined with certainty by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993). Federal Rule of Civil Procedure 54(c) provides that a default judgment must not differ from or exceed what is demanded in the pleadings. *See* FED. R. CIV. P. 54(c); *see also Meaux Surface Prot., Inc., v. Fogleman*, 607 F.3d 161, 172 (5th Cir.2010).

11. Plaintiff does not seek monetary damages against Defendant, but instead seeks declaratory judgment that Plaintiff as the owner and holder of the Note, and beneficiary of the Security Instrument, it has standing and is authorized under the Security Instrument to enforce the power of sale contained in the Security Instrument through a non-judicial foreclosure of the real property which is subject of this matter, 609 Bristol Drive, El Paso, TX 79912, and more particularly described as:

Legal Description: Being the Description of .1342 Acres of Land, out of

PORTION OF LOT 20, BLOCK 6 WEST FILLS UNIT TWO
City of El Paso, El Paso County Texas
and Being More Fully Described by Metes and Bounds as Follows:

Beginning at the: CITY MONUMENT AT THE INTERSECTION OF LAKEHURST ROAD AND BRISTOL DRIVE

THENCE, North 0 3' 5" West a Distance of 50.00 Ft. to a Point;

THENCE, 103.94 Ft. Along the Arc of a Curve to the Right,

Which has a Central Angle of 3 19' 43" a Radius of 1.789.19 Ft.

And a Chord Which Bears North 1 36'47" East a Distance of 103.93 Ft. To a Point;

THENCE, North 86 43'22" West a Distance of 30.00 Ft.
to the True Point of Beginning of the parcel herein described;

THENCE. North 86 43'22" West a Distance of 100.00 Ft. to a Point,

THENCE, North 2 22 26" East a Distance of 59.58 Ft. to a Point,

THENCE, South 84 54'57" East a Distance of 101.91 Ft. to a Point;

THENCE, 56.36 Ft. Along the Arc of a Curve to the Left.

which has a Central Angle of 1 46'31"
a Radius of 1,819.19 ft.
and a Chord which Bears South 4 9'54" West a Distance of 56.36 Ft.

(The "Property"). Therefore, no hearing is necessary to establish Plaintiff's damages.

12. In Texas, to foreclose under a security instrument with a power of sale, the party is required to show only that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *Singleton v. United States Bank N.A.*, No. 4:15-CV-100-A, 2016 U.S. Dist. LEXIS 53019, * 20 (N.D. Tex. Apr. 20, 2016); citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x. 306 (5th Cir. 2014).

13. The Complaint alleges that on or about March 17, 2008, for value received, Defendants Matthew Pina and Haydee Lazcano ("Borrowers") executed that certain Note (the "Note") originally payable to Tri-State Mortgage Company, in the principal amount of $142,759.00 bearing an interest rate of 6.500% per annum. (ECF Docket No. 1 at ¶ 12).

14. Concurrently with the Note, Borrowers executed that certain Deed of Trust (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting Tri-State Mortgage Company, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the Official Public Records of El Paso County, Texas under Document Number 20080021995. (ECF Docket No. 1 at ¶ 13). Plaintiff further alleges that it is the current holder of the blank endorsed Note, the beneficiary of the Security Instrument and a mortgagee with standing to enforce the terms of the Security Instrument. (ECF Docket No. 1 at ¶ 20).

15. The Loan Agreement is in default as of December 1, 2008, and all subsequent payments. (ECF Docket No. 1 at ¶ 18). A notice of default was provided in accordance with section 51.002(d) of the Texas Property Code, but the default was not cured. (ECF Docket No. 1 at ¶ 18.) As a result, the maturity of the debt was accelerated on February 9, 2023. (ECF Docket No. 1 at ¶ 19.) Therefore, the Original Complaint conclusively establishes each of the necessary elements of Plaintiff's non-judicial foreclosure claim.

16. Plaintiff requested reasonable and necessary attorney's fees against Defendant based on Texas Civil Practice and Remedies Code Chapters 37 and 38 and pursuant to the terms of the loan documents executed by the Borrowers. Plaintiff is entitled to attorney's fees under Chapter 37 because it seeks a declaratory judgment concerning its authority to enforce the power of sale in the Security Instrument through foreclosure of the Property. Plaintiff is further entitled attorney's fees under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and Remedies Code § 38.001—more specifically, breach of contract. The amount of such fees to be determined by subsequent motion practice. Plaintiff requests that the award of attorney's fees be

made not as a money judgment against Defendant, but as a further obligation owed by the Borrowers under the subject Note and Security Instrument.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter a partial default judgment against Defendant Haydee Lazcano on all claims asserted against her in Plaintiff's Original Complaint, and award Plaintiff the following relief:

a. Judgment against Defendant for court costs;

b. Judgment against Defendant for reasonable attorneys' fees as a further obligation owed under the Note and Security Instrument;

c. Judgment declaring that Plaintiff is the owner and holder of the Note with standing to enforce the Security Instrument;

d. Judgment against Defendant declaring that the following are secured by the Security Instrument on the Property: (a) the outstanding balance of the Note; (b) prejudgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of court;

e. Judgment against Defendant declaring that Plaintiff, its successors and assigns, may proceed with non-judicial foreclosure of the Property pursuant to the Security Instrument and the Texas Property Code; and

f. Any other relief to which the Court deems Plaintiff is entitled.

Respectfully submitted,

By:  */s/ Vivian N. Lopez*
**MARK D. CRONENWETT**
Attorney-in-Charge
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**VIVIAN N. LOPEZ**
Texas Bar No. 24129029
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Dallas Parkway, Ste. 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      The undersigned certifies that on April 12, 2024, a copy of the above and foregoing document was served on the following Defendants in the manner described below:

**Via CMRRR#9314 7699 0430 0119 7617 90 and U.S. Mail:**
Haydee Lazcano
SC 37 BOX 4547
APO, AE, 09459-0046

          */s/ Vivian N. Lopez*
          **VIVIAN N. LOPEZ**